UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GARCIA,<br><br>         Plaintiff,<br><br>  v.<br><br>CORRAL, et al.,<br><br>         Defendants. | Case No. 18-cv-04730-PJH<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he was unlawfully arrested by police who used excessive force.

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994).

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth

2

Amendment's prohibition against unreasonable search and seizure if the complaint alleges that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim).

Plaintiff states that he was sitting on the porch steps of a friend's house when Police Officer Corral arrived and angrily demanded to see his identification. Plaintiff stated he was doing nothing wrong and did not need to show his identification. Plaintiff walked away about a half block when several other police officers arrived. Plaintiff alleges that Police Officers Foster and Tran assaulted him and used a taser injuring him. At that point Police Officer Wolf arrived and began assaulting plaintiff. Plaintiff states that all charges were later dismissed, and he is incarcerated on unrelated charges. He seeks money damages. Liberally construed, plaintiff's claim of unlawful arrest is sufficient to proceed against all defendants and his claim of excessive force is sufficient to proceed against Foster, Tran and Wolf.

**CONCLUSION**

1. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants who are San Jose Police Officers: Officer Corral #3996, Officer Foster #3331, Officer Wolf #4282 and Officer Tran #3084.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date her summary judgment motion is due. All papers filed with the court shall be promptly served

3

on the plaintiff.

        b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

        c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

        e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

4

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 21, 2018

PHYLLIS J. HAMILTON
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| PAUL GARCIA,<br>       Plaintiff,<br>    v.<br>CORRAL, et al.,<br>       Defendants. | Case No. 18-cv-04730-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Garcia ID: BC-9841
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960


Dated: September 21, 2018

                                                Susan Y. Soong
                                              Clerk, United States District Court

                                              By:_____
                                              Kelly Collins, Deputy Clerk to the
                                              Honorable PHYLLIS J. HAMILTON