UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GARCIA,<br>        Plaintiff,<br>    v.<br>CORRAL, et al.,<br>        Defendants. | Case No. 18-cv-04730-PJH<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 9 |

This is a civil rights case brought pro se by a state prisoner under 42 U.S.C. § 1983. Plaintiff alleges that police officers unlawfully arrested him and used excessive force. Defendants have filed a motion to dismiss arguing that the complaint was filed beyond the statute of limitations. Plaintiff has filed an opposition and defendants filed a reply. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff alleges that on May 5, 2016, he was sitting on the porch steps of a friend's house when police used excessive force to effectuate an unlawful arrest. Complaint (Docket No. 1) at 3. Plaintiff was released on bail after his arrest. Reply (Docket No. 13), Request for Judicial Notice ("RJN") Ex. A. Plaintiff's arraignment for the arrest was on July 5, 2016, but plaintiff failed to appear in court and a warrant was issued. *Id.* Plaintiff was remanded into custody on July 28, 2016. *Id.*, Ex. B. On September 28, 2016, plaintiff pleaded no contest to two counts of resisting a police officer, one count of misdemeanor battery and one count of being under the influence of a controlled substance. *Id.* Ex. B at 5. Plaintiff was sentenced to four months in county jail but because he was given credit for 60 days for time served and an additional 60 days of

United States District Court
Northern District of California

1  credit pursuant to California Penal Code section 4019, he was ordered released. *Id.* Ex.
2  B at 6-7.[1] Plaintiff contends in his opposition that he became incarcerated in state prison
3  on an unrelated charge in May 2017. Complaint at 7; Opposition (Docket No. 12) at 2.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id.* (discussing Fed. R. Evid. 201(b)).

Section 1983 does not contain its own limitations period. The appropriate period is

---

[1] In the order of service, the court noted that plaintiff stated all charges were dismissed against him related to this incident. Based on plaintiff's representation, the court ordered service and assumed that this action was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because plaintiff's conviction for resisting arrest and battery have not been overturned or reversed and are related to the underlying claim in this case, it appears that this action would be barred by *Heck*, however that was not raised in the motion to dismiss.

2

that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code section 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004*); see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (enacted in 2002) (current codification of residual limitations period, which is now two years).

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." *See* Cal. Civ. Proc. Code § 352.1(a).

It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott* v. City of Union City, 25 F.3d 800, 801-02 (9th Cir. 1994). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92.

**ANALYSIS**

This incident occurred on May 5, 2016. Plaintiff filed this action on July 24, 2018. Complaint at 10.[2] The two-year statute of limitations commenced on May 5, 2016, and expired on May 5, 2018. Plaintiff's action was filed more than two months after the expiration of the statute of limitations. Plaintiff argues that he should receive two years of tolling pursuant to section 352.1 of the California Civil Procedure Code because he was

---

[2] The court affords plaintiff application of the mailbox rule as to all his filings. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

3

incarcerated. Defendants disagree with plaintiff's interpretation section 352.1.

California Civil Procedure Code section 352.1(a), enacted on January 1, 1995, provides that when a plaintiff is "imprisoned on a criminal charge" for "a term less than life" at the time a claim accrues, the statute of limitations is statutorily tolled during the time of his imprisonment for up to two years. *See* Cal. Civ. Proc. Code § 352.1(a); *see also Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (citing same). In *Elliott v. City of Union City*, 25 F.3d 800 (9th Cir. 1994), the plaintiff brought a § 1983 claim for excessive force during arrest. *Id.* at 801. After his arrest the plaintiff remained in continuous police custody until his conviction, for two felony counts of battery, upon which he was sent to state prison. *Id.* The question before the court was "whether being continuously incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge' within the meaning of the California disability statute." *Id.* at 802. The court analyzed section 352(a)(3) of the state's civil procedure code, the precursor to section 352.1(a). *Id.* As part of its analysis, the court stated, "neither this court nor the California courts have considered" whether being "incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge.'" *Id.* The court determined that "[i]n the absence of controlling state precedent, we must decide this question as the California Supreme Court would decide it." *Id.* at 802, n.3 (citations omitted). The court then looked to a similar Washington statute and determined that "tolling was triggered by the individual's arrest and incarceration." *Id.* at 802.

Since *Elliott*, the California Court of Appeal held as a matter of first impression that "a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison." *Austin v. Medicis*, 21 Cal. App. 5th 577, 597 (Cal. Ct. App. 2018). The court found that pretrial custody in a county jail does not render an arrestee "imprisoned on a criminal charge" under section 352.1(a). *Id.* The court held that the statute's tolling provisions did not apply during the time that plaintiff spent in a county jail. *Id.*

The court in *Austin* found that the *Elliott* decision was unpersuasive to its analysis

4

because *Elliott* "predated the enactment of section 352.1" and "did not have the benefit of the legislative findings on this subject." *Austin*, 21 Cal. Ct. App. 5th at 590, n.4. The court thoroughly analyzed section 352.1's legislative history, which revealed that the legislative discussions during the amendment process explicitly focused on "inmates incarcerated in California prisons." *Id.* at 596-97 (citing 1994 Cal Stat. pp. 6465-66). The California Supreme Court denied review of *Austin* on June 13, 2018. *Austin* provides persuasive state precedent.

In this case, the incident occurred on May 5, 2016, and plaintiff was released on bail after his arrest. He was remanded to custody on July 28, 2016, after a warrant was issued when he failed to attend his arraignment. Plaintiff was released from custody on September 28, 2016, after he pled no contest and was sentenced to time served. Plaintiff was not in state prison when his claim accrued on May 5, 2016, and he was released from custody after his arrest. Even if plaintiff was in custody at the county jail when this claim accrued, the California Court of Appeal was clear that section 352.1 does not apply to custody in county jail. Even if the older Ninth Circuit ruling in *Elliott* is applicable, the facts of this case are distinguishable. The plaintiff in *Elliott* remained in continuous custody from his arrest through his conviction and transfer to state prison. Here, plaintiff was released after his arrest, remained out of custody for more than two months, until he failed to attend his arraignment. He was then in county jail custody for two months until he was released again, at which point he and stayed out of custody until an unrelated prison sentence began approximately eight months later.

This court finds that *Elliott* is distinguishable from this case, and the court agrees with the state court reasoning that regardless, *Elliott* does not apply. *Elliot* was issued prior to the enactment of section 352.1, and the state court has now ruled on this specific issue of state law. *See Groce v. Claudat*, 603 F. App'x 581, 582 (9th Cir. 2015) (§ 352.1 inapplicable where plaintiff "was not incarcerated when his claims accrued"); *see also Shaw v. Sacramento, Cnty. Sheriff's Dep't*, 343 F. Supp. 3d 919, 922-24 (E.D. Cal. 2018) (appeal docketed, No. 18-17184 (9th Cir. Nov. 13, 2018) (discussing *Austin's* holding and

5

noting that plaintiff was not serving a prison sentence upon his arrest and subsequent time in a county jail); *McClain v. Brosowske*, No. EDCV 17-2377 MWF (SS), 2018 WL 1918533, at *3-4 (C.D. Cal. Apr. 20, 2018) (same).

Nor does plaintiff's placement in state prison one year after this incident occurred entitle him to benefit from section 352.1. The statute provides for two years of tolling if the party is in state prison when the claim accrues. Plaintiff was not in state prison when the claim accrued on May 5, 2016, the date of the alleged excessive force and unlawful arrest. State law is clear that his placement in prison one year later does not provide tolling because that was not when the claim accrued. *See Austin*, at 589-90. This action is therefore, untimely.

## CONCLUSION

1. For the reasons set forth above, the motion to dismiss (Docket No. 9) is **GRANTED** and this case is dismissed.

2. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 26, 2019

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GARCIA,<br>   Plaintiff,<br>  v.<br>CORRAL, et al.,<br>   Defendants. | Case No. 18-cv-04730-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 26, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Garcia ID: BC-9841
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960

Dated: February 26, 2019

Susan Y. Soong
Clerk, United States District Court

*Kelly Collins*
By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

7